IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-00917-CNS

R.B.,

      Plaintiff,

v.

COMMISSIONER, Social Security Administration,

      Defendant.

---

## ORDER

---

Before the Court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to 28 U.S.C. § 2412(b), (d) (ECF No. 24). For the reasons set forth below, the Motion is DENIED IN PART and GRANTED IN PART.

## I.  BACKGROUND

This civil action arises from Plaintiff R.B.'s complaint against Defendant Commissioner of the Social Security Administration ("the Commissioner") for denial of an application for disability benefits on August 15, 2017 (*see* ECF No. 1).

R.B. was born on August 8, 1965, and was 52 years old at the alleged onset of disability dated August 10, 2017 (ECF No. 21 at 1). R.B. has a high school education and has worked a variety of jobs, including florist, cashier, bookkeeper, home health aide, scheduler, and cook (*id*.). She has not worked since the onset of her alleged disability (*id*.).

1

R.B. was diagnosed with degenerative disc disease and depressive disorder and was prescribed a variety of medications after seeking medical treatment (*id*. at 2). Dr. Zachary Stewart concluded R.B. had no physical limitations after a physical consultation for disability benefits (*id*. at 3). Dr. Arthur Hazel determined that R.B. was capable of understanding and remembering simple instructions and would have a moderate to marked impairment for detailed tasks (*id*.). In her SSA appeal, she alleged disability due to back problems, neck injury, depression, anxiety, and post-traumatic stress disorder (*id* at 2.). R.B. traced the source of her back pain to being the caretaker for her brother for 22 years (*id*.). At the time, she had been diagnosed with thoracic outlet syndrome and had surgery to address the condition between 2013/2014 and lower back surgery between 2014/2015 (*id*.).

R.B. applied for disability benefits on August 18, 2017, which the Commissioner initially denied on April 16, 2018 (*id*.). The Commissioner denied the application again upon reconsideration (ECF No. 11 at 1). R.B. then requested a hearing before an Administrative Law Judge ("ALJ") in which she and a vocational expert ("VE") testified (*id*.). The VE identified level-three and level-two reasoning jobs, which conflicted with R.B.'s residual functional capacity ("RFC") limitation to simple tasks and instructions (ECF No. 21 at 11). Despite the vocational conflict, the ALJ issued an unfavorable decision and the Appeals Council also denied R.B.'s request for review without substantive explanation (*id*.). On appeal, this Court reversed the Commissioner's decision denying R.B. disability insurance benefits, finding that the ALJ failed to resolve the apparent inconsistency between the reasoning level guidelines and RFC limitation. The Court then remanded for further proceedings (*id*.).

On July 15, 2023, R.B. filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (ECF No. 24). R.B. argues that she is entitled to both bad faith fees under 28 U.S.C. § 2412(b) and standard EAJA fees under 28 U.S.C. § 2412(d), or alternatively, only the standard EAJA fees (*id.* at 6). The motion is now fully briefed, and the Court finds that a hearing would not materially assist in its resolution of this matter.

## II.  LEGAL STANDARD

### A.  "Bad faith" EAJA fees

Pursuant to 28 U.S.C. § 2412(b), a prevailing party has the initial burden of establishing entitlement to attorney fees. *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006); *F.T.C. v. Freecom Commc'ns*, 401 F.3d 1192, 1200-01 (10th Cir. 2005). The "American Rule" establishes that the prevailing party may not collect attorney fees from the losing party. *Kuykendall*, 466 F.3d at 1152. However, an exception to the rule is applied when the opposing party has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* Whether the bad faith exception applies turns on the party's subjective bad faith. *Id.* at 1152. Section 2412(b) provides in relevant part:

> Unless expressly prohibited by statute, a court may award reasonable fees . . . of attorneys, . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees. . . to the same extent that any other party would be liable under the common law.

Under common law, bad faith can result in an award of attorney's fees. *Kuykendall*, 466 F.3d at 1151. To determine whether a party opponent has acted in bad faith, there must be clear evidence to support a finding that the government's position is both "entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons."

3

*Freecom Commc'ns, Inc.*, 401 F.3d at 1201. A claim is without color if it lacks any legal or factual basis, and if it might not reasonably be successful. *Id.* A bad faith fee award is punitive; thus, courts will only impose the penalty in exceptional cases and for dominating reasons of justice. *Kuykendall*, 466 F.3d at 1152 (citing *United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1488 (10th Cir. 1984).

### B.  "Standard" EAJA fees

Pursuant to 28 U.S.C. § 2412(d), a private party is entitled to a fee award if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007); *Sanders v. Astrue*, 287 F.App'x 721, 723-24 (10th Cir. 2008). Only the second prong of the above inquiry is present in R.B.'s dispute.

Section 2412(d) defines "position of the United States" as "the action or failure to act by the agency upon which the civil action is based," in addition to the position taken by the United States in the civil action. In other words, the position of the United States includes both its litigating position and its pre-litigation actions or failure to act. *See* 28 U.S.C. § 2412(d)(2)(D); *see also Hackett,* 475 F.3d at 1174. Thus, to avoid paying fees, a party must prove that its actions in federal court and at the administrative level were substantially justified. Further, the United States Supreme Court has interpreted substantial justification as a "genuine dispute" or "if reasonable people could differ as to [the appropriateness of the contested action]." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988); *Madron v. Astrue*, 646 F.3d 1255, 1257-58 (10th Cir. 2011).

4

The prerequisites to an EAJA award have been met and are not disputed here.[1]

### III.  ANALYSIS

The Court has considered R.B.'s Motion, related briefing, and relevant legal authority. For the following reasons, the Court denies in part and grants in part R.B.'s Motion.

**A.  Bad faith fees are unwarranted because R.B. has not shown that the Commissioner acted in bad faith.**

R.B. argues that the Commissioner maintained its defense in bad faith because (1) the Commissioner asserted a claim wantonly, for purposes of harassment or delay, or other improper reasons and (2) that claim was uncolorable.

Regarding the subjective prong of proving bad faith, R.B. has failed to demonstrate that the Commissioner asserted the claim wantonly, for harassment or delay, or for any improper reason. The *only* allegation R.B. makes in this regard is that the Commissioner continued its defense in "manifest bad faith and added years of delay to this claimant's disability adjudication process" (ECF No. 24 at 3). However, the Commissioner's subjective bad faith intent is absent here without a showing that the purpose of the Commissioner's "years of delay" was to cause R.B.'s suffering. Conclusory allegations of bad faith are not sufficient to meet the standard. *F.D.I.C. v. Schuchmann,* 319 F.3d 1247, 1253 (10th Cir. 2003) (holding that the district court "was required to explicitly find improper motive. 'Suspicions' or the 'appearance' of such a motive is not enough" . . . "without other evidence of such an improper motive. . . does not support the

---

[1] To be eligible for fees under the EAJA, a plaintiff must submit an application within thirty days of final judgment in the action, and the plaintiff's net worth must be less than two million dollars at the time the civil action was filed. §§ 2412(d)(1)(B), (d)(2)(B)(i). The application for fees and expenses must also show that the party is a prevailing party and is eligible to receive an award, and the amount sought, including an itemized statement from any attorney or expert witness representing on behalf of the party stating the actual time expended and the rate at which fees and expenses were computed. *Id.*

district court's finding of bad faith"). Indeed, the single year, not years, of delay in the adjudication of this claim is a relatively reasonable span of time.

Both parties heavily rely on two prior cases containing similar fact patterns and legal issue: *Micki Lashawn Adams v. Kijakazi* and *Conell v. Kijakazi*.

*Adams* and *Conell* continued for a slightly shorter duration, by about one year, only because of the Commissioner's decision to voluntarily remand that resulted in a faster adjudication process. *Micki Lashawn Adams v. Kijakazi*, No. 1:21-cv-00892-MSK (D. Colo. Sep. 2, 2022) (ECF No. 24); *Conell v. Kijakazi*, No. 1:21-cv-002233-JB-LF, 2022 WL 16640565 (D.N.M. Oct. 20, 2022). The duration of those two cases suggests that the duration of R.B.'s case is not unreasonable, and although her case may have taken longer, any delay is attributable to normal procedure. Because R.B. does not meet the burden of proving the delay in this case was effectuated for an improper or vexatious purpose, the Court concludes that bad faith is absent in this case.

Accordingly, an award of bad faith fees to R.B. is denied.

**B. Because the Commissioner has failed to show that its position was substantially justified, reasonable EAJA fees are appropriate.**

R.B. contends that regardless of the Court's decision to award bad faith fees, the Commissioner has failed to show that its actions were substantially justified, such that the standard EAJA fees are permitted regardless. The burden of proving substantial justification is on the Commissioner. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).

As previously discussed, the EAJA provides for an award to a plaintiff when: (1) they are the prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Only the second prong is in dispute. Thus, it is

the Commissioner's burden to prove both its actions in federal court litigation and actions of the ALJ at the administrative level were substantially justified.

As discussed above, the parties look to the same precedent: *Adams* and *Conell*. The Commissioner initially argued that both possess an identical legal issue but assert in the instant case that the two cases are not the same for the sake of its current litigation position (ECF No. 27). The Commissioner also asserts that R.B. was the first party to suggest that there were similarities between the three cases (ECF No. 26 at 4). To support the contention that the defense has not been continued in bad faith, the Commissioner argues that the challenged claim involved an unsettled question of law and turned on a "case-specific analysis" in which the Commissioner had a reasonable basis for believing there was no error concerning the disparity between the testimonies about the SSR 00-4p reasoning level conflict legal error (*Id.*). The Commissioner also asserts that reasonable people could disagree as to the appropriate outcome (ECF No. 26 at 11). Furthermore, the Commissioner contends that the two prior cases involving voluntary remand have no import here given that the facts are different (*Id.*). Finally, the Commissioner argues that the Tenth Circuit recognizes an exception to the substantial justification rule when the government advances a reasonable litigation position that cure[s] unreasonable agency action, including an ALJ's errors. *Davis v. Comm'r of Soc. Sec.*, 2022 WL 1763389 at *2 (10th Cir. 2022).

R.B. argues that *Conell* and *Adams* had been voluntarily remanded based on what the Commissioner had asserted was the same legal issue that faces the Court in the current case–the SSR 00-4p reasoning level conflict legal error (ECF No. 27 at 2). R.B. alleges that the Commissioner cannot act in good faith in its continued defense of the current case simply to avoid the imposition of attorney fees and because the Commissioner had previously implied their

understanding that the three cases were "identical" and "the same," it is not substantially justified in its position (*Id.*).

To resolve the conflicting application of these cases, the following analysis is provided.

In *Conell,* the plaintiff appealed the Commissioner's decision to this court, arguing that the ALJ failed to resolve conflicting evidence at step five of the evaluation process and improperly rejected the opinion of a consultative psychological examiner. *Conell v. Kijakazi*, No. 1:21-cv-00233-JB-LF, 2022 WL 16640565 at *1 (D.N.M. 2022). The Commissioner then filed an unopposed motion to remand, which the court granted. *Id.* Plaintiff then sought attorney's fees under the EAJA, which the court also granted. *Id.* at *3.

In *Adams*, the court granted the Commissioner's motion to remand because the ALJ had determined that Adams had no past relevant work, failing to satisfy its burden at step five of the sequential evaluation process. *Adams v. Kijakazi*, No. 1:21-cv-00892-MSK (D. Colo. Nov. 24, 2021) (ECF No. 19). The VE had only named three occupations in response to the ALJ's hypothetical questions, which was precluded by the ALJ's restrictions (*Id*.). An unopposed motion to remand was then filed by the Commissioner and granted by the court (*Id*.). After a final judgment was awarded to Adams, and a motion for attorney fees had been filed, the court granted the motion, finding that the hours expended by the Plaintiff in preparation were reasonable (*Id*.). The court awarded the Plaintiff EAJA fees of $8,280.00 (*Id*.).

Here, the Court agrees with R.B.'s argument that *Conell* and *Adams* are similar to the instant case because the cases involve similar facts and the exact same legal issue (namely, the SSR 00-4p reasoning level conflict error). The Commissioner filed an unopposed motion to remand in both *Conell* and *Adams*, because, in its view, further proceedings were warranted. In

the present case, further proceedings were also clearly required because the ALJ allowed a VE's testimony to conflict with the RFC finding, and there was discrepancy between the Dictionary of Occupational Titles ("DOT") guidelines and RFC limitation. These differences required an explanation from the ALJ or VE, of which the Commissioner had been fully aware. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999). Because in this case the Commissioner argued the same legal issue twice reversed by this court, the Commissioner has failed to show substantial justification of its litigating position.

The Court disagrees with the Commissioner's argument that the facts of this case are "entirely different" from *Conell* and *Adams* and that those cases are of no import here (ECF No. 26). Except for the voluntary remand, the three cases are, in all important respects, identical. The court reversed the ALJ's decision in all cases because of the legal error, so *Adams* and *Conell* would be of import here. The Court further disagrees with the Commissioner in that it was substantially justified in thinking there was a duty to defend this action because it would not have reasonably been successful at the administrative level, as established by those two cases.

Furthermore, the Court disagrees with the Commissioner's characterization of district court authority. Several of the cited cases concern RFC limitations on "simple, routine, repetitive" tasks or instructions (ECF No. 26 at 10). Those RFC limitations differ from R.B.'s limitations to "simple instructions" or "simple tasks" which could differ in the resulting reasoning level. Thus, the cases the Commissioner cites are not all applicable to R.B.'s case. Additionally, the Commissioner reasons that the ALJ was substantially justified in her decision because the VE, upon being asked, testified there were no direct conflicts. The Commissioner then admits, however, that the VE

testified that the DOT did not specifically address certain tasks, which differs considerably from the conclusion that there is no inconsistency (*Id*. at 10).

Lastly, the Commissioner cites heavily to *C.K.D. v. Kijakazi*, No. 21-cv-02155-NYW, 2022 WL 4290472 (D. Colo. 2022). That reliance is misplaced. In *C.K.D.*, the court noted the district court split as to whether an RFC limitation to simple tasks is analogous to or distinguishable from a limitation to simple instructions (ECF No. 26 at 9). That issue is entirely different from the issue in R.B.'s case. Here, R.B. has an RFC limitation to completing "simple" tasks and understanding "simple instructions" and the issue lies in how that limitation conflicts with the DOT level-two reasoning requiring an individual to carry out "detailed instructions." The Commissioner argues that there is no precedent holding an RFC limitation for simple instructions as inconsistent with level-two jobs, but also heavily relies on the district court split in finding consistency in level-two and level-three jobs (ECF No. 26 at 9, 10).

The Court thus agrees with R.B. that the Commissioner has failed to assert substantial justification for its position (ECF No. 27 at 8). An award of reasonable EAJA fees are therefore appropriate.

**C.  EAJA attorney fee award**

As a final matter, R.B.'s counsel was required to expend hours both in successful pursuit of this appeal and in the fee application.

The EAJA provides that attorney fees are not to be awarded in excess of $125 per hour unless the Court determines that an increase in the cost of living or a special factor, such as a limited availability of qualified attorneys for the proceedings, justifies a higher fee. *Taylor v. Colvin*, No. 13-cv-03152-CMA, 2015 WL 2375907 at *2 (D. Colo. 2015). The party seeking the

award has the burden of persuading the court that the amount is reasonable. *Id*. Furthermore, "the initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate," also called a lodestar calculation. *Id; see also Scherffius v. Astrue,* 296 F. App'x 616, 619 (10th Cir. 2008). The cost-of-living adjustment is determined by multiplying the base EAJA rate of $125 per hour, by the current Consumer Price Index All Urban Customers (CPI-U) and then dividing the product by the CPI-U in the month that the cap was imposed. *Id.*

The determination of attorney's fees is discretionary especially given the district court's understanding of litigation and desire to avoid frequent appellate review of factual matters. *Rocky Mountain Wild v. Vilsack*, No. 09-cv-01272-WJM, 2013 WL 3233573 at *4 (D. Colo. 2013). This court has previously held that an hourly rate similar to the one asserted in this case, and also in a matter concerning the Social Security Administration, was reasonable. *Vialpando v. Commissioner, Social Security Administration*, No. 19-cv-02655-STV, 2021 WL 1222493 at *2 (D. Colo. 2021) (holding that attorneys' fees were reasonable at an hourly rate of $215.68 for 26.3 hours of time, amounting to $6,088.38 under the EAJA).

In the present case, R.B. requests an EAJA award at an hourly rate of $217.00, which she asserts is calculated on the basis of the $125.00 hourly rate authorized by the EAJA enhanced by the cost of living reflected by the Bureau of Labor Statistics' Consumer Price Index (*See* ECF No. 24 at 4). For the overall litigation appeal, R.B. claims 54.8 hours of time, amounting to $11,891.60 under the EAJA. For the litigation of this motion specifically, R.B. claims an additional 3.0 hours, resulting in an additional EAJA award of $651.00. The Court finds both amounts to be reasonable.

It should be noted that the Commissioner does not challenge the amount of time expended nor the hourly rate expended by R.B.

## IV.  CONCLUSION

Consistent with the above analysis, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion for Award of Attorney Fees Pursuant to 28 USC § 2412(b), (d), (ECF No. 24). Plaintiff is hereby awarded fees of $12,542.60, pursuant to 28 U.S.C. § 2412(d).

DATED this 12th day of October 2023.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge